# United States Court of Appeals for the Fifth Circuit

---

No. 22-50150
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Gerardo Villegas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-2126-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Victor Gerardo Villegas appeals his sentence following a jury trial conviction for one count of conspiring to import 1,000 kilograms of marijuana. He argues that the district court penalized him for exercising his right to go to trial. Villegas relies on statements made by the district court at

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50150

the sentencing hearing and the disparity between his sentence and those received by his co-conspirators.

Villegas argues this issue is subject to *de novo* review in light of *United States v. Molina*, No. 20-11232, 2022 WL 3971588 (5th Cir. Aug. 21, 2022), *cert. denied*, No. 22-6209, 2023 WL 124369 (U.S. Jan. 9, 2023). The Government acknowledges *Molina* but insists plain error review applies because Villegas failed to object to the purported error in the district court. *See Puckett v. United States*, 556 U.S. 129 (2009). There is no need to determine the appropriate standard of review because Villegas's claim fails even under the more lenient standard of review. We explain.

The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). Accordingly, "a defendant cannot be punished by a more severe sentence because he unsuccessfully exercises his constitutional right to stand trial." *United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir. 1991).

Villegas fails to show that the district court factored Villegas's decision not to plead guilty into its sentencing decision, let alone that it punished Villegas more severely than it otherwise would have *because* he went to trial. *See Gozes-Wagner*, 977 F.3d at 334–37. Furthermore, Villegas fails to identify any similarly situated co-conspirator whose sentence is appropriate to compare to Villegas's sentence for purposes of determining whether Villegas was punished more severely because he went to trial. *See id.* at 36–37. Villegas thus has failed to show that the district court imposed an unconstitutional trial penalty on him at sentencing and has failed to show any abuse of discretion. AFFIRMED.